UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FOUNDATION AGAINST INTOLERANCE &
RACISM, INC. and BENJAMIN STEWART,

   *Plaintiffs*,

   -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY DEPARTMENT OF HEALTH AND
MENTAL HYGIENE; DAVE A. CHOKSHI,
in his official capacity as Commissioner of the
New York City Department of Health and
Mental Hygiene; and MARY T. BASSETT,
individually and in her official capacity as
Commissioner of the New York State
Department of Health,

   *Defendants*.
------------------------------------------------------------------X

[PROPOSED]
ORDER TO
SHOW CAUSE

Index No.: 22-CV-528
(KPF) (JW)

Hon. Katherine Polk Failla, United States District Judge

**THIS MATTER** coming upon the Court upon the Motion of Plaintiff for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") and Order to Show Cause why a TRO and PI should not issue;

**THE COURT** having considered Plaintiffs' Verified First Amended Complaint, the Declaration of Ameer Benno dated February 23, 2022 and all exhibits annexed thereto, Plaintiffs' Memorandum of Law,

1

Plaintiffs' Counsel's Rule 65 Certification, and all other proceedings and filings heretofore had herein

**THE COURT NOTING** that in late December 2021, the New York State Department of Health issued a guidance memo to all New York State medical providers entitled "Prioritization of Anti-SARS-CoV-2 Monoclonal Antibodies and Oral Antivirals for the Treatment of COVID-19 During Times of Resource Limitations" ("State Prioritization Memo");

**THE COURT NOTING** that the State Prioritization Memo provides that "[i]n times of limited supplies of monoclonal antibodies and oral antivirals, providers should prioritize patients eligible for treatment based on their level of risk for progressing to severe COVID-19. In addition, the most efficacious products should be prioritized for patients with the highest risk for hospitalization and death";

**THE COURT NOTING** that the State Prioritization Memo set out a matrix with five different "risk groups" and directs medical providers to assign each patient to a group and then to prioritize them within their respective groups according to each patient's number of "risk factors";

**THE COURT NOTING** that the State Prioritization Memo expressly provides that "non-white race or Hispanic/Latino ethnicity should be considered a risk factor, as longstanding systemic health and social inequities have contributed to an increased risk of severe illness and death from COVID-19";

**THE COURT NOTING** that on or about December 27, 2021, the New York State Department of Health issued an announcement entitled "COVID-19 Oral Antiviral Treatments Authorized And Severe Shortage of Oral Antiviral And Monoclonal Antibody Treatment Products" (the "NYS Order") directing in mandatory terms that New York State medical providers triage and prioritize COVID-19 patients according to the risk grouping matrix and risk factors set forth in the State Prioritization Memo;

**THE COURT NOTING** that on or about December 27, 2021, the New York City Department of Health and Mental Hygiene issued a municipal policy entitled "2021 Health Advisory #39" (the "NYC Order") directing in mandatory terms that New York City medical providers triage and prioritize COVID-19 patients according to the risk grouping matrix and risk factors set forth in the State Prioritization Memo;

**THE COURT NOTING** that pursuant to both the NYS and NYC Orders, medical providers in New York State and New York City respectively must "[c]onsider race and ethnicity when assessing an individual's risk" for severe COVID-19 illness;

**THE COURT NOTING** that pursuant the NYS and NYC Orders, non-white or Hispanic/Latino patients will always be assigned one more risk factor than identically situated white patients solely because of their skin color and/or ethnicity. Therefore, being "non-white" or "Hispanic/Latino" elevates a patient's risk status, places them in a higher risk category, and gives them preference over similarly situated "white" patients for access to the limited supply of lifesaving COVID-19 treatments and therapies;

**THE COURT NOTING** that, according to the NYS and NYC Orders, the assignment of a risk factor based on skin color and/or ethnicity is unrelated to any a medically proven susceptibility or genetic predisposition to severe COVID-19 disease, but because of "longstanding systemic health and social inequities" that supposedly have been visited on those who are "non-white" or "Hispanic/Latino";

**THE COURT NOTING** that Plaintiff FAIR is an incorporated membership-based organization whose members include individuals,

4

like Plaintiff Stewart, within the City and State of New York who identify or are classified as "non-Hispanic white," and who cannot and will not be able to obtain monoclonal antibodies and/or oral antiviral treatments in the City or State of New York when they contract COVID-19 unless they demonstrate a medical condition or other factors that increase their risk for severe illness from the virus, while non-white and Hispanic/Latino residents of New York City and New York State are not required to make such a showing;

**THE COURT NOTING** that Plaintiffs allege that the NYS and NYC Orders, insofar as they direct that "non-white race or Hispanic/Latino ethnicity" be considered as a "risk factor" in determining an individual's risk for severe COVID-19 illness, violate the right to Equal Protection under the Fourteenth Amendment of the U.S. Constitution, Article I, § 11 of the New York State Constitution, and civil rights statutes including 42 U.S.C. § 1981, Title VI and the Affordable Care Act. Plaintiffs allege that the challenged portion of the NYS and NYC Orders subject Plaintiff Stewart and Plaintiff FAIR's members to discrimination on the grounds of race, color and national origin and by denying them potentially lifesaving medical treatments because they identify as non-Hispanic whites;

5

**THE COURT NOTING** that Plaintiffs have requested that Defendants be temporarily restrained and preliminarily and permanently enjoined from enforcing the NYS and NYC Orders insofar as they direct that "non-white race or Hispanic/Latino ethnicity" be considered as a "risk factor" in determining an individual's risk for severe COVID-19 illness, and from taking any adverse action against health care providers within the City and State of New York for not adhering to that portion of the NYS and NYC Orders;

**THE COURT NOTING** that Plaintiffs seek the aforementioned relief immediately since the NYS and NYC Orders are currently in place and Plaintiff Stewart and Plaintiff FAIR's members are being subject to irreparable injury by these unconstitutional and discriminatory state and municipal policies, and since there is a realistic danger that the aforesaid policies will significantly compromise recognized federal and state statutory and constitutional protections of parties not before the Court;

**THE COURT FINDING** that Plaintiffs have provided sufficient reasons why this Court should employ an expedited procedure under Local Rule 6.1(d) given the immediacy of Plaintiffs' application.

**IT IS HEREBY ORDERED THAT:**

Defendants **SHOW CAUSE** before a motion term of this Court at Room _____, United States Courthouse, 40 Foley Square, in the City, County and State of New York on _____ at _____ o'clock in the _____noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants during the pendency of this action from directing and requiring New York State and New York City medical providers to consider "non-white race or Hispanic/Latino ethnicity" as a "risk factor" in determining a patient's priority for receiving COVID-19 oral antiviral and monoclonal therapy treatments; and it is further

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Fed. R. Civ. P. 65, Defendants are temporarily restrained and enjoined from directing and requiring New York State and New York City medical providers to consider "non-white race or Hispanic/Latino ethnicity" as a "risk factor" in determining a patient's priority for receiving COVID-19 oral antiviral and monoclonal therapy treatments; and it is further

**ORDERED** that security in the amount of $_____ be posted by Plaintiffs prior to _____ at _____ o'clock in the _____noon of that day; and it is further

**ORDERED** that service by CM/ECF and email of a copy of this order and annexed Declaration with Exhibits, Memorandum of Law and Rule 65 Certification upon Defendants or their counsel on or before _____ o'clock in the _____noon on _____ \_\_\_\_\_, _____ shall be deemed good and sufficient service thereof.

DATED:    New York, New York

ISSUED:   _____

_____
Hon Katherine Polk Failla
United States District Judge