UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

| | |
|---|---|
| FOUNDATION AGAINST INTOLERANCE & RACISM, INC. and BENJAMIN STEWART, <br><br> *Plaintiffs*, <br><br> -against- <br><br> THE CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE; DAVE A. CHOKSHI, as Commissioner of the New York City Department of Health and Mental Hygiene; AND MARY T. BASSETT, individually and in her official capacity as Commissioner of the New York State Department of Health, <br><br> *Defendants*. | **CERTIFICATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** <br><br><br> 22-CV-528 (KPF) (JW) |

---------------------------------------------------------------------------X

AMEER BENNO, declares under penalty of perjury that the following is true and correct:

1. I am an attorney with Benno & Associates P.C., attorneys for Plaintiffs herein.

2. I submit this certification pursuant to Fed. R. Civ. P. 65(b) in support of Plaintiffs' ex parte application for a temporary restraining order and preliminary injunction.

**Reasons Why Notice Should Not Be Required**

3. Plaintiff Benjamin Stewart and members of Plaintiff Foundation Against Intolerance & Racism, Inc. ("FAIR") who reside in the City of New York are currently subject to two separate but identical policies that reduce their access to potentially lifesaving COVID-19 treatments because of their skin color and national origin.

4. Both policies were issued on December 27, 2021: The first by the New York State Department of Health ("DOH"), and the second by the New York City Department of Health and Mental Hygiene ("DOHMH").

5. The policies compel all medical providers in New York State and New York City, respectively, to give increased priority for scarce COVID-19 oral antiviral and monoclonal therapy treatments to patients of "non-white race or Hispanic/Latino ethnicity" solely because of their skin color and ancestry.

6. Under these policies, patients who are classified as non-Hispanic/Latino white – such as Plaintiff Stewart and several members of Plaintiff FAIR – cannot obtain such treatments in New York when they contract COVID-19 unless they demonstrate a medical condition or other factors that increase their risk for severe illness from the virus, but non-white and Hispanic/Latino patients are not required to make such a showing.

7. And, even if they make such a showing, Plaintiff Stewart, who is classified as non-Hispanic white, and those of Plaintiff FAIR's members who are similarly classified, will be given the lowest possible priority because of their skin color and ethnicity. These policies are blatantly discriminatory and work grave incursions on the Fourteenth Amendment's guarantee of Equal Protection.

8. Plaintiffs therefore are suffering irreparable harm each day that these policies remain in place. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (the deprivation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm"); *see also Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993) (in an equal protection case of this variety, the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit, is what causes the plaintiff injury).

9. Moreover, given the highly transmissible nature of the Omicron variant, the advent of new variants, and the continued supply chain shortages, the harms to Plaintiffs under

these unconstitutional and discriminatory race-based policies are real, immediate and ongoing. If the racial and ethnic preference system included in the New York State and New York City policies is not enjoined, Plaintiff Stewart and Plaintiff FAIR's members who are classified as non-Hispanic white face an imminent and substantial likelihood that they will be denied access to lifesaving therapeutics. *Basank v. Decker*, 449 F. Supp. 3d 205, 213 (S.D.N.Y. 2020) ("The risk that Petitioners will face a severe, and quite possibly fatal, infection if they remain in immigration detention constitutes irreparable harm warranting a TRO."); *Mays v. Dart*, 453 F. Supp. 3d 1074, 1098 (N.D. Ill. 2020) (The risk of "severe health consequences, including death, if they contract coronavirus disease" constituted "irreparable harm").

10. The allegations set forth in the Verified First Amended Complaint, which is annexed as Exhibit 1 to the accompanying Declaration of Ameer Benno dated February 23, 2022, clearly demonstrate that immediate and irreparable injury, loss, and damage will result to Plaintiffs if this application is not granted.

11. Moreover, as fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, an ex parte temporary restraining order is appropriate here because of the imminent harm and life-or-death stakes that Plaintiffs face due to overtly discriminatory, unlawful and unconstitutional racial- and ethnic-preference COVID-19 treatment policies of the City and State of New York.

**Efforts To Provide Notice**

12. On February 23, 2022, I notified counsel for Defendants City of New York, the New York City DOHMH, and DOHMH Commissioner Chokshi by email of Plaintiffs' application for emergency relief. The email was sent to Assistants Corporation Counsel Melanie Sadok and Jessica Lynn Katzen at the addresses listed on this Court's docket:

msadok@law.nyc.gov and jkatzen@law.nyc.gov. In that email correspondence, I attached copy of the following: (1) Plaintiffs' proposed Order to Show Cause; (2) this Certification; (3) the Declaration of Ameer Benno dated February 23, 2022 with exhibits annexed thereto; and (4) Plaintiffs' memorandum of law.

13. The same day, I also notified the New York State Department of Health of this application by email to the address listed on its website: dohweb@health.ny.gov. I attached the same materials provided to attorneys Sadok and Katzen.

14. Additionally, on February 23 2022, I sent an email to New York State Assistant Attorney General Adrienne Kerwin, the attorney representing Defendant Bassett in *Jacobson v. Bassett*, Index No. 22-CV-33 (MAD) (ML) (NDNY), and New York State Assistant Attorney General Erin P. Kandel, the attorney representing Defendant Bassett in *Roberts v. Bassett*, Index No. 22-CV-710 (NGG) (RML) (EDNY). Both of those lawsuits involve challenges to the same New York State Department of Health policy that Plaintiffs are challenging here. AAG Kerwin's email address, which appears on the docket of the Northern District action is Adrienne.Kerwin@ag.ny.gov. AAG Kandel's email address, which appears on the docket of the Eastern District action is erin.kandel@ag.ny.gov. In my email to attorneys Kerwin and Kandel, I attached the same documents I provided to attorneys Sadok and Katzen.[1]

---

[1] Defendant Bassett was added as a party defendant in the instant action with the filing of Plaintiffs' Verified First Amended Complaint on February 14, 2022.

4

15. A copy of my signature, sent electronically or by facsimile transmission, may be treated as the original for the purpose of serving and filing this affidavit, and the original will be provided if required.

Dated: New York, New York
February 23, 2022

                                                                                 BENNO & ASSOCIATES P.C.

                                                                                  By: __/S/ Ameer Benno_____
                                                                                       Ameer Benno, Esq.
                                                                                  30 Wall Street, 8th Floor
                                                                                  New York, NY 10005
                                                                                   Tel.: (212) 227-9300
                                                                                  Email: abenno@bennolaw.com

                                                                                 *Attorneys for Plaintiffs*