

February 28, 2022

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Court, SDNY
40 Foley Square
New York, NY 10007



Re:   *FAIR, et al. v. City of New York, et al.*, 22-CV-528 (KPF) (JW)

Your Honor:

      I am counsel for Plaintiffs in the above-referenced action.  I submit this letter to request permission to file redacted versions of documents that were submitted in support of Plaintiffs' recent emergency application for a TRO and a preliminary injunction.

      Specifically, I attached to the Declaration of Ameer Benno dated Feb. 23, 2022 a declaration from a member of FAIR whose initials are I.L. (Docket Entry # 27, Exh. 6). In her declaration, I.L. stated her name, birth year, COVID-19 infection history and vaccination status. I.L.'s name was also referenced in my declaration (Docket Entry # 27) and in Plaintiffs' memorandum of law (Docket Entry # 26).

      Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a ... person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P 26(c)(1). Separate from this Rule, district courts have "supervisory power" over their own records and files, *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019), under which they can seal affidavits submitted in support of motions in order to "prevent abuses, oppression, and injustices." *Int'l Prods. Corp. v. Koons*, 325 F.2d 403, 407-08 (2d Cir. 1963) (quoting *Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888)).

      While a presumption of public access attaches to judicial documents, that presumption can be overcome if the proponent of sealing demonstrates "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).  That is the case here.

      Since Plaintiffs' motion was filed, I.L. has expressed to me that, given the highly sensitive nature of this case and how polarizing one's Covid-19 vaccination status has become, she legitimately fears substantial reprisals in her workplace, professional career and personal life if her identity in connection with this matter, her vaccination status, and her COVID-19 infection history become publicly known. Her apprehensiveness about the fact that this highly personal and potentially inflammatory information is publicly accessible on the docket is causing her severe anxiety and distress.

30 Wall Street, 8th Floor
New York, NY  10005
www.BennoLaw.com

T: (212) 227-9300
F: (212) 994-8082
abenno@bennolaw.com

Since I.L.'s identity "is not substantially relevant" to the legal issues under consideration, the privacy interest in her name, personal health information, and in facts that could reveal her identity is "greater than the public interest in its disclosure." *In re Awan*, 2020 U.S. Dist. LEXIS 122497, at *11 (S.D.N.Y. July 13, 2020). The redaction of I.L.'s name and other information that protects her identity is therefore "narrowly tailored" and appropriate. *Id*.

Moreover, Defendants would suffer no prejudice if this Court were to allow the requested redactions. Indeed, I have spoken with counsel for all defendants about this, and they take no position on this application.

I therefore respectfully request that Your Honor issue an Order directing that Docket Entries # 26 and 27 be placed under seal, and that I be permitted to refile those documents with I.L.'s name, year of birth, vaccination status, and COVID infection history redacted from them. No substantive changes whatsoever would be made to any of these materials.

I thank Your Honor for all courtesies extended in this matter.

Respectfully submitted,

Ameer Benno

cc:   All counsel by ECF

```
Application GRANTED.  The Clerk of Court is directed to place
docket entries 26 and 27 under seal, visible to the Court and
parties only.  Plaintiff is directed to refile the documents at
docket entries 26 and 27 with redactions as requested.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 31.

Dated:    February 28, 2022           SO ORDERED.
          New York, New York


                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```